<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3179-19

MAURICE OPARAJI,

    Plaintiff-Appellant,

v.

INNOVATE 1 SERVICES, INC.,
d/b/a ONLINE INTEGRAL
SOLUTIONS, INC.,

    Defendant-Respondent.

_____

> Submitted October 19, 2021 – Decided October 28, 2021
>
> Before Judges Fisher and Currier.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6600-17.
>
> Maurice Oparaji, appellant pro se.
>
> John C. Uyamadu, attorney for respondent.

PER CURIAM

    This is now the third time we have taken up this case. In his complaint, plaintiff asserts that, "under false pretenses," he: paid defendant twice – the first

time $77 and the second time $137 – for a Nigerian passport he never received; that defendant promised to refund the first payment; that he made eighteen requests for the refund to no avail; that to avoid missing a business opportunity he obtained a visa from the Republic of Togo's New York office; and that when he traveled from Nigeria to Togo he was arrested at the airport in Lagos and lost his business opportunity. Plaintiff's complaint pleaded causes of action sounding in fraud, negligent misrepresentation, breach of contract, breach of implied-in-fact contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, unfair competition, and conversion.

Nearly two years ago, we reversed an order dismissing the action for failure to answer interrogatories. Oparaji v. Innovate 1 Servs., Inc., No. A-1348-18 (App. Div. Dec. 3, 2019) (Oparaji I). Shortly after that disposition, plaintiff moved to amend his complaint to include a consumer fraud claim, alleging defendant hacked into his computer and stole personal information while defendant moved for summary judgment as to the entirety of the complaint. The trial judge denied the former on March 13, 2020, and granted the latter on March 27, 2020. On April 24, 2020, the judge granted defendant's motion and awarded $38,061.33 in frivolous litigation fees.

Plaintiff appealed and, because the judge's rationale for these three orders was largely unrevealed, we retained jurisdiction and temporarily remanded for the judge's expression of his reasons for entering those three orders. Oparaji v. Innovate 1 Servs., Inc., No. A-3179-19 (App. Div. July 1, 2021) (Oparaji II).[1] In responding to our mandate, the judge timely provided a four-page written opinion. We allowed the parties an opportunity, which they have taken, to file supplemental briefs, and we now consider again the issues raised on appeal. For the following reasons, we reverse all three orders.

1. We turn first to the March 13, 2020 order. Motions for leave to amend are to be "granted liberally." Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998). In determining whether the amendment states a valid cause of action, a judge is required to assume the truth of the allegations, giving the pleader all reasonable favorable inferences; the motion should be granted, or at least the plaintiff should be given the opportunity to replead, so long as the

---

[1] In denying the motion to amend, the judge stated in handwriting on the March 13, 2020 order only that "[p]er the opposition, there does not appear to be a basis in law or in fact for the proposed amended complaint." The March 27, 2020 order granting summary judgment stated that the judge's reasoning was expressed on the record that day but the clerk's office confirmed the judge's opinion was no longer available. And the April 24, 2020 order awarding counsel fees neither contained nor referred to an oral or written statement explaining why fees were awarded and how the judge quantified the amount awarded. Oparaji II, slip op. at 3-4.

amendment presents a semblance of a cause of action discernible even from obscure statements. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989). As suggested by the judge's handwritten comment in his March 13, 2020 order, and as confirmed by his recent written decision, the judge denied the motion to amend only through application of the futility doctrine, which permits a denial even when the liberality of Rule 4:9-1 weighs in favor of the amendment because to allow an amendment, which must inevitably fall, would constitute "a useless endeavor." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

The judge based his finding of futility on his assumption about the scope and meaning of a particular two-page document:

> Plaintiff paid for his passport twice. He did receive a refund for one of the payments, and [o]n the other occasion, the passport was issued b[ut] [p]laintiff never went to [Nigerian Immigration Service (NIS)] to complete the transaction and pick up the passport. There is no fact alleged . . . in the amended complaint that was material to the transaction, known to be false nor an omission of a fact upon which the [d]efendant would have had the [p]laintiff rely. There is no representation by the [d]efendant as the processor of payment that they would be providing a passport to the [p]laintiff. NIS would be providing the passport and the receipt by its own terms indicates that the [p]laintiff would have to complete the process on the NIS website. Therefore, there is no basis in law or fact for the fraud allegation.

A-3179-19

We see nothing in this document – assuming we're on the same page[2] – to suggest the first payment was refunded, or that the passport issued after a second payment and the fault for what followed was plaintiff's, because he either failed to pick up the passport or complete the process on NIS's website. In short, the judge concluded, in relying almost exclusively on this document, by refusing to allow the addition of a consumer fraud count. Because the futility doctrine was mistakenly applied, because the judge failed to provide the liberality required by the rule, and because the judge mistakenly viewed the facts in a light favorable to the motion's opponent, we reverse. The amendment should have been permitted.

2. The judge's explanation for granting defendant's summary judgment motion is based largely on the same futility analysis in which we find no merit; that is, the judge held, in rejecting the fraud and negligent misrepresentation claims, that: "[i]f anything, Da-46 and Da-47 show that the [d]efendant did what

---

[2] The judge's written decision refers almost exclusively on a "two-page receipt" that bears "an appellate marking of Da-46 and Da-47." The designation utilized by the judge does not comport with what appears in plaintiff's or defendant's appendices, but we assume the judge referred to a two-page document bearing NIS's name and logo, which appears to provide little information other than the undetailed information about a passport application. The document does not appear to memorialize a refund, advise what plaintiff was next required to do to obtain a passport, or support the other conclusions the judge assumed were true.

[it] said [it] would do, upon payment by the [p]laintiff of the fee for the passport, [it] passed the payment on to NIS wh[ich] in one case processed the passport, and in the other refunded the money as requested by the [p]laintiff." We, again, find no support in the cited document for the conclusions the judge reached.

3. We lastly turn to the $38,061.33 fee award memorialized in the April 24, 2020 order. It suffices to say that because summary judgment should not have been entered, it has yet to be shown that the filing and maintenance of the suit should fail, let alone be deemed frivolous. While not necessary to our decision, we would also point out that the judge's findings on the reasonableness of the fee award are also insufficient. The judge briefly noted the factors to be considered in quantifying a reasonable fee and then asserted, among other things, that "this case took over two-and-one-half years, had at least nine motions, a removal to [f]ederal [c]ourt, a remand to [s]tate [c]ourt, and an interlocutory appeal; there was a substantial amount of time, money and effort expended on this case." This is not the type of finding required by Rendine v. Pantzer, 141 N.J. 292 (1994).  Moreover, the judge erroneously found plaintiff responsible for all the proceedings in the case when, in fact, a great amount of the time that has elapsed and energies expended since the action was commenced were generated by defendant's mistaken steps in: removing the case to federal

court; prematurely moving in the trial court after remand from federal court for a dismissal with prejudice for failure to answer interrogatories that had to be rectified by this court on appeal; and obtaining summary judgment and an award of counsel fees that we are now compelled to reverse. The judge gave no consideration to the obvious fact that it was defendant that needlessly compounded the proceedings in numerous ways, and the court instead incorrectly laid all the time and expense incurred in this action at plaintiff's doorstep.

* * *

For these reasons, we reverse the March 13, 2020 order that denied plaintiff's motion to amend, reverse the March 27, 2020 order granting defendant's summary judgment motion, and reverse the April 24, 2020 order that found the action frivolous and awarded defendant $38,061.33 in fees. We also direct the assignment judge or her designee to reassign the matter to a different judge.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3179-19